UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G3 Genuine Guide Gear Inc., a Canadian corporation<br><br>Plaintiff,<br><br>v.<br><br>Marker Deutschland GmbH, a German company<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff G3 Genuine Guide Gear Inc. ("G3" or "Plaintiff"), for its Complaint against Defendant Marker Deutschland GmbH ("Marker" or "Defendant"), states and alleges as follows:

**PARTIES**

1.  G3 is a Canadian corporation with its headquarters at 200 Donaghy Avenue, North Vancouver, British Columbia, Canada, V7P 2L5.

2.  Marker Deutschland GmbH is a German company with its principal place of business at Dr.-Gotthilf-Näher-Straße 6 and 12, Penzberg 82377, Germany.

**JURISDICTION AND VENUE**

3.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over

Complaint - 1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant is subject to personal jurisdiction in Washington State because, on information and belief, Defendant regularly transacts business in this judicial district by, among other things, offering and selling Defendant's products and services to customers, business affiliates, and/or partners located in this judicial district. In addition, Defendant has committed acts of infringement of one or more of the claims of United States Patent No. 8,746,728 in this judicial district.

5. On information and belief, Defendant regularly and systematically does business with residents in Washington State, and in this judicial district, including, but not limited to, (a) advertising its infringing products to residents in Washington through its website at http://marker.de/; (b) allowing Washington residents to provide contact information and solicit information on Defendant's website; (c) directing customers to numerous authorized dealers, distributors, and retailers in Washington such as REI, Pro Ski Services, Marmot (Bellevue), EVO Gear, and The Sports Authority, among others; (d) making its infringing products available for sale in the State of Washington through the stream of commerce through one or more central shipping points, and/or (e) attending and publicly displaying its infringing products in Washington state at the WWSRA Northwest On-Snow Demo, which was held on February 18-19, 2014 in Mission Ridge, Washington.

6. In the alternative, jurisdiction over Defendant is proper in the United States District Court for the Western District of Washington under Federal Rule of Civil Procedure 4(k)(2). The cause of action of this Complaint arises under federal law. If the Court finds that Defendant is not subject to the jurisdiction of the courts of general jurisdiction of any particular state, on information and belief, Defendant has at least minimum contacts with the United States because, among other things, Defendant has (a) imported into the United States and sold its products throughout the United States; (b) advertised its products to residents in the United

Complaint - 2

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

States through its website at http://marker.de/; (c) allowed United States residents to provide contact information and solicit information on Defendant's website; (d) directed customers to numerous authorized dealers, distributors, and retailers throughout the United States; and/or (e) attended and publicly displayed its infringing products in the United States at various trade shows.

7. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

## FACTUAL BACKGROUND

### The Patent-in-Suit

8. On June 10, 2014, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 8,746,728 B2 ("the '728 Patent" or "the Patent-in-Suit") entitled "Heel Unit for Alpine Touring Binding."

9. G3 is the owner by assignment of the '728 Patent.

### Defendant's Infringing Products

10. On information and belief, Defendant is in the business of, *inter alia*, selling alpine touring bindings and products for importation into the United States. These products contain the heel units which are claimed in at least one of the claims of the '728 Patent, either literally or under the doctrine of equivalents. These products include, but are not limited to, the Marker Kingpin 10 bindings, the Marker Kingpin 10 Demo bindings, and the Marker Kingpin 13 bindings (collectively "the Marker Kingpin bindings").

11. On information and belief, Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States touring bindings, the Marker Kingpin bindings, which include, but are not limited to, a heel unit, and which consist of at least the following:

    a. a component which slides relative to the base of the binding;

Complaint - 3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

      b.  a component that attaches to the heel of footwear when in ski mode;

      c.  a component that detaches from the heel of footwear when in walk mode;

      d.  a component that acts as a brake; and

      e.  a component that allows switching between ski mode and walk mode.

12. According to Marker's website,[1] "[t]op walking comfort, simple operation and a quick switch from walk to ski mode make the new KINGPIN a majestic partner. Unlike previous PinTech bindings, classic tourers will appreciate the added fun that the KINGPIN brings to the descent, with power transmission and ski control that leave no wish unfulfilled." On information and belief, Defendant sells the Marker Kingpin bindings throughout the United States.

13. Defendant's website includes pages describing components of the heel unit and functionality of the Marker Kingpin bindings. For instance, the website states that the Marker Kingpin bindings allow "convertion [sic] from walk mode to ski mode in only one gesture."[2] "It takes just one step to switch from walk to ski mode: Simply flip a lever, push down on the heel and you're good to go."[3] Further, the Marker Kingpin bindings have brakes that "automatically lock into place when in walk mode, and immediately reactivate when the binding is switched into ski mode."[4]

14. Defendant's website also has numerous videos describing the functionality of the Marker Kingpin bindings, including demonstrations of how the footwear attaches and releases from the heel binding changing the bindings from ski mode, where the upper portion of the heel binding connects to the footwear heel, and walk mode, where the upper portion of the heel disconnects from the footwear heel by moving away from the footwear heel.[5]

---

[1] http://marker.de/kingpin.
[2] Id.
[3] Id.
[4] Id.
[5] http://marker.de/videos.html.

Complaint - 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

15. The Marker Kingpin bindings meet all of the limitations of one or more of the claims of the '728 Patent either literally or under the doctrine of equivalents, and thus infringes at least one claim of the '728 Patent.

### Defendant's Knowledge of G3's Patent

16. On information and belief, Defendant has had actual knowledge of the '728 Patent and of Defendant's infringement of that patent. G3 contacted Marker prior to the filing of this Complaint. This contact constituted notice to Defendant of the '728 Patent and that the Marker Kingpin bindings infringe at least one of the claims of that patent.

17. Despite the fact that Defendant had actual knowledge of Plaintiff's patent rights, Defendant has acted deliberately and in disregard of the '728 Patent, and with objective recklessness, by infringing the '728 Patent, through Defendant's continued manufacture, use, sale, or offer for sale in the United States of the Marker Kingpin bindings.

18. Defendant's infringement of the '728 Patent is willful and deliberate.

### COUNT I – INFRINGMENT OF THE '728 PATENT

19. G3 reasserts and incorporates herein by reference the allegations set forth in paragraph nos. 1 through 18 as though fully set forth herein.

20. Defendant has infringed one or more claims of the '728 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Marker Kingpin bindings into the United States.

21. Also, Defendant has indirectly infringed one or more claims of the '728 Patent, either literally or under the doctrine of equivalents, by actively inducing infringement of those claims by others. On information and belief, one or more claims of the '728 Patent are directly infringed when an individual uses the Marker Kingpin bindings.

22. On information and belief, Defendant's active inducement of infringement has occurred with actual knowledge of the '728 Patent since prior to the filing of this Complaint

Complaint - 5

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

when Plaintiff notified Marker that the Marker Kingpin bindings infringed the '728 Patent.

23. On information and belief, Defendant's active inducement has occurred with the specific intent of encouraging others to infringe the '728 Patent as demonstrated by, *inter alia*, promoting and advertising the Marker Kingpin bindings, and instructing users to use the binding, in a manner that directly infringes the '728 Patent.

24. On information and belief, Defendant's infringement and/or inducement of infringement of the '728 Patent have been willful and deliberate, are continuing, and will continue unless enjoined by the Court.

25. G3 has been damaged by Defendant's infringing activities and will be injured irreparably unless this Court enjoins such activities.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff G3 Genuine Guide Gear, Inc., respectfully requests the following relief:

 a. A judgment that Defendant has infringed the '728 Patent;

 b. A judgment permanently enjoining Defendant from making, using, selling, offering to sell, or importing its infringing product into the United States;

 c. A judgment awarding damages against Defendant for its infringing activities;

 d. A judgment declaring the case exceptional and awards G3 treble damages, attorneys' fees, costs and expenses in this action pursuant to 35 U.S.C. §§ 284 and 285 because Defendant's infringing activities have been willful and deliberate;

 e. A judgment awarding pre- and post-judgment interest provided by law; and

 f. Such further relief as is deemed just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all counts so triable.

Complaint - 6

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1 | DATED this 9th day of April, 2015

DORSEY & WHITNEY LLP

*Paul T. Meiklejohn* (signature)

PAUL T. MEIKLEJOHN WSBA #17477
MEIKLEJOHN.PAUL@DORSEY.COM
RYAN B. MEYER WSBA #37832
MEYER.RYAN@DORSEY.COM
**Dorsey & Whitney LLP**
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
(206) 903-8800

*Attorneys for Plaintiff*

Complaint - 7

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820